IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAWIT ALEMAYEHU, as the Personal Representative of the Estate of GELILA GEDION, decedent, | No. _____ |
| Petitioner, | |
| v. | |
| THE BOEING COMPANY, a corporation, | |
| Respondent. | |

### NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that The Boeing Company ("Boeing") removes this Petition

for Discovery from the Circuit Court of Cook County, Illinois, to the United States District Court

for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1369, 1441, and

1446.

### I. INTRODUCTION

On January 25, 2010, 82 passengers and eight crew members died when Ethiopian

Airlines Flight 409, a 737-800 traveling from Beirut, Lebanon, to Addis Ababa, Ethiopia,

crashed into the Mediterranean Sea off the coast of Beirut. *See* Summons for Discovery and

Verified Petition for Discovery Pursuant to Illinois Supreme Court Rule 224, Exhibit A to the

Declaration of Bruce Campbell, attached hereto ("Campbell Decl."), ¶ 2;[1] *see also* Seattle Times

article, Exhibit B to Campbell Decl. Petitioner filed a Verified Petition for Discovery in the

Circuit Court of Cook County on March 30, 2010 as Case No. 2010L003858. *See* Ex. A to

Campbell Decl. The Summons and Petition for Discovery were served on Boeing on April 26,

2010. *Id.*

---

[1] Boeing admits for the purpose of this Notice of Removal that, as stated in the Petition for Discovery, a Boeing 737-800 crashed off the coast of Lebanon on January 25, 2010, and that 90 people on board the aircraft died in the accident. Boeing does *not* concede the accuracy of other statements or allegations in the Petition for Discovery, including the statement that the accident aircraft "experienced a catastrophic structural failure, broke apart and caught fire in midair, and plummeted and crashed into the Mediterranean Sea." *See* Ex. A to Campbell Decl., ¶ 2.

## II.    GROUNDS FOR REMOVAL

A.    **This Action Is Removable Under 28 U.S.C. §§ 1369 And 1441.**

Section 1369 created "a mechanism whereby litigation stemming from one major disaster could easily be consolidated in one federal court for discovery and trial." *Passa v. Derderian*, 308 F. Supp. 2d 43, 53 (D. R.I. 2004); *see also Pettitt v. Boeing Co.*, -- F.3d --, 2010 WL 1948345, at *1 (7th Cir. May 17, 2010).[2]  This Court would have had original jurisdiction over Petitioner's action pursuant to 28 U.S.C. § 1369 had Petitioner elected to file the action initially in federal court, and therefore the action is removable. *See* 28 U.S.C. §§ 1441(a) and 1441(e)(1)(A).

1.    **A single accident occurred at a discrete location, resulting in over 75 deaths.**

For federal district courts to have jurisdiction under 28 U.S.C. § 1369, an action must arise "from a single accident, where at least 75 natural persons have died in the accident at a discrete location." 28 U.S.C. § 1369(a).  As stated above, Ethiopian Airlines Flight 409 crashed off the coast of Lebanon on January 25, 2010. *See* Ex. A to Campbell Decl., ¶ 2.  According to Petitioner, Gelila Gedion was one of eight Ethiopian Airlines crew members who died in the accident, along with 82 passengers. *Id.*  This action therefore arises from a single accident in which at least 75 persons died at a discrete location.

2.    **There is minimal diversity.**

Section 1369 requires minimal diversity, which "exists between adverse parties if any party is a citizen of a State and any adverse party is a citizen of another State, a citizen or subject

---

[2] The Court explained in *Passa* that

> It is also clear that Congress' motivation in passing this legislation was to promote judicial efficiency while avoiding multiple lawsuits concerning the same subject matter strewn throughout the country in various state and federal courts.  Thus, Section 1369 was intended to address these concerns by creating a new statutory grant of original federal jurisdiction aimed exclusively at large accidents resulting in 75 or more deaths.

308 F. Supp. 2d at 53-54.  Indeed, Congress contemplated that "major airline disasters" were the very type of event that was intended to be the subject of jurisdiction under section 1369. *Id.* at 54.

of a foreign state, or a foreign state as defined in section 1603(a) of this title." 28 U.S.C.

§§ 1369(a), (c)(1). Minimal diversity thus exists if any plaintiff is from a different state or

country than any defendant.[3]

Petitioner's decedent in this action, Gelila Gedion, was a resident of Addis Ababa,

Ethiopia. Ex. A to Campbell Decl., ¶ 2; Ethiopian Airlines press release, Ex. C to Campbell

Decl. (stating that all crew members on the accident flight were Ethiopian). On information and

belief, Petitioner is also a citizen of Ethiopia. Boeing is a citizen of the United States. A

corporation "is deemed to be a citizen of any State, and a citizen or subject of any foreign state,

in which it is incorporated or has its principal place of business." 28 U.S.C. § 1369(c)(2).

Boeing is, and was at the time plaintiffs filed this action, a corporation organized under the laws

of the State of Delaware with its corporate headquarters in Illinois. Form 10-K, Ex. D to

Campbell Decl. Boeing's principal place of business is located in the United States and it is

organized under the laws of one of the states in the United States. It is not incorporated outside

the United States and does not have its principal place of business outside the United States.

Therefore, minimal diversity exists in this action.

3.      **The accident took place outside the states where Boeing resides.**

Federal district courts have jurisdiction under 28 U.S.C. § 1369 if "a defendant resides in

a State and a substantial part of the accident took place in another State or other location,

regardless of whether that defendant is also a resident of the State where a substantial part of the

accident took place." 28 U.S.C. § 1369(a)(1). Boeing therefore must show only that it "resides"

somewhere other than Lebanon, where the crash occurred. A corporation like Boeing "is deemed

to be a resident of any State in which it is incorporated or licensed to do business or is doing

business." 28 U.S.C. § 1369(c)(2). Under this definition, Boeing resides in many states other

than Lebanon, and the requirement set forth in 28 U.S.C. § 1369(a)(1) is easily met.

---

[3] A case is removable under §§ 1369 and 1441(a) even if a defendant is a citizen of the state where the
action is brought. 28 U.S.C. § 1441(e)(1).

4.    **Section 1369(b) does not require abstention.**

Under 28 U.S.C. § 1369(b), the district court shall abstain from hearing an action

described in Section 1369(a) when (1) "the substantial majority of all plaintiffs are citizens of a

single State of which the primary defendants are also citizens, and (2) the claims asserted will be

governed primarily by the laws of that State." 28 U.S.C. § 1369(b). Neither requirement is met

here. As explained above, Petitioner's decedent was a citizen of Ethiopia. The overwhelming

majority of the passengers and crew on board the accident aircraft were citizens of Lebanon or

Ethiopia. *See* Ex. C to Campbell Decl. (stating that of the 82 passengers on Flight 409, 51 were

Lebanese and 24 were Ethiopian). Boeing, as the sole Respondent, is a not a citizen of Lebanon

or Ethiopia. Abstention under Section 1369(b) therefore does not apply.

**B.    Boeing Has Satisfied The Other Requirements For Removal.**

The remaining requirements for removal have been satisfied. The venue for this removed

action is proper because this Court is the United States District Court for the district and division

embracing the place where the removed action was pending. *See* 28 U.S.C. § 1441(a).

In accordance with 28 U.S.C. § 1446(a), copies of all of the papers and pleadings on file

with the state court are attached as Exhibit A to the Campbell Declaration.

Pursuant to 28 U.S.C. § 1446(d), Boeing is today serving this Notice of Removal on

Petitioner and will file a copy of this Notice with the Clerk of the Circuit Court of Cook County,

Illinois.

### III.    CONCLUSION

WHEREFORE, Boeing hereby removes this action from the Circuit Court of Cook

County, Illinois, to this Court.

DATED:  May 21, 2010.

By   /s/  Bates McIntyre Larson
One of the Attorneys for The Boeing Company

Christopher B. Wilson
Bates McIntyre Larson
Jonathan R. Buck
PERKINS COIE LLP
131 S. Dearborn Street, Suite 1700
Chicago, IL  60603-5559
Tel.:  (312) 324-8400
Fax:  (312) 324-9400

Bruce Campbell (*intend to apply for pro hac vice admission*)
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Tel.:  (206) 359-8000
Fax:  (206) 359-9000

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAWIT ALEMAYEHU, as the Personal
Representative of the Estate of GELILA
GEDION, decedent,

                  Petitioner,

    v.

THE BOEING COMPANY, a corporation,

                  Respondent.

No. _____

**DECLARATION OF BRUCE
CAMPBELL IN SUPPORT OF
NOTICE OF REMOVAL**

I, BRUCE D. CAMPBELL, hereby declare:

1.    I am a partner at the law firm Perkins Coie LLP. I am one of the attorneys representing The Boeing Company in this matter. This Declaration is based on my personal knowledge. I am over eighteen (18) years of age, and would be competent to testify to the facts set forth if required to do so.

2.    Attached as Exhibit A to this Declaration is a true and correct copy of the Summons for Discovery and Verified Petition for Discovery Pursuant to Illinois Supreme Court Rule 224 filed by Petitioner in the Circuit Court of Cook County, Illinois, on March 30, 2010 as Case No. 2010L003858. Boeing was served in this matter on April 26, 2010.

3.    Attached as Exhibit B to this Declaration is a true and correct copy of a newspaper article appearing in the Seattle Times newspaper on January 26, 2010 concerning the Ethiopian Airlines accident.

4.    Attached as Exhibit C to this Declaration is a true and correct copy of a press release issued by Ethiopian Airlines on January 25, 2010 concerning the Ethiopian Airlines accident.

5.    Attached as Exhibit D to this Declaration is a true and correct copy of the cover page of the Form 10-K filed by The Boeing Company with the U.S. Securities and Exchange Commission for the fiscal year ending December 31, 2009. The full Form 10-K filing is available at http://www.sec.gov/Archives/edgar/data/12927/000119312510024406/d10k.htm.

- 1 -

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

DATED this 19th day of May, 2010, at Seattle, Washington.

Bruce D. Campbell

- 2 -

**Exhibit A**

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT – LAW DIVISION

|  |  |  |
|---|---|---|
| DAWIT ALEMAYEHU, as the Personal Representative of the Estate of GELILA GEDION, decedent, | ) ) ) ) |  |
| Petitioner, | ) ) |  |
| v. | ) ) | Case No.   2010L003858 |
| THE BOEING COMPANY, | ) ) | CALENDAR/ROOM X<br>TIME 00:00<br>Discovery |
| Respondent. | ) |  |

### SUMMONS FOR DISCOVERY

TO:      The Boeing Company
               100 North Riverside
               Chicago, Illinois, 60606

You are hereby notified that on March 30, 2010, a Petition, a copy of which is attached, was filed in the above court seeking an order of discovery. Pursuant to law a hearing will be held to determine whether such an order shall be entered in this case. If you wish to contest the entry of such order, you must appear at this hearing at

_room 2205_, at _9:30_ o'clock _AM_, on _May_ ,

_10th_ , 2010.

MAR 3 0 2010

_____
Clerk of the Circuit Court

SERVED 26 APR 10

1

Dated: March 30, 2010

Respectfully submitted,

**KOREIN TILLERY LLC**

By: _____
One of Petitioner's Attorneys

GEORGE ZELCS
JOHN A. LIBRA
KOREIN TILLERY LLC
205 North Michigan Plaza, Ste. 1950
Chicago, Illinois 60601
Telephone: 312.641.9760
Facsimile: 312.641.9751
gzelcs@koreintillery.com
jlibra@koreintillery.com
#39036

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

DAWIT ALEMAYEHU, as the Personal )
Representative of the Estate of )
GELILA GEDION, decedent, )
        )
        Petitioner, )
        )
v. )    Case No.     2010L003858
        )                      CALENDAR/ROOM X
THE BOEING COMPANY, )                      TIME 00:00
        )                      Discovery
        Respondent. )

### SUMMONS FOR DISCOVERY

TO:       The Boeing Company
             100 North Riverside
             Chicago, Illinois, 60606

You are hereby notified that on March 30, 2010, a Petition, a copy of which is

attached, was filed in the above court seeking an order of discovery. Pursuant to law a

hearing will be held to determine whether such an order shall be entered in this case. If

you wish to contest the entry of such order, you must appear at this hearing at

_room 2205_ ,at _9:30_ o'clock _AM_, on _May_ ,

_10_ , 2010.

_____

Clerk of the Circuit Court

1

Dated: March 30, 2010

Respectfully submitted,

**KOREIN TILLERY LLC**

By: _____
One of Petitioner's Attorneys

GEORGE ZELCS
JOHN A. LIBRA
KOREIN TILLERY LLC
205 North Michigan Plaza, Ste. 1950
Chicago, Illinois 60601
Telephone: 312.641.9760
Facsimile: 312.641.9751
gzelcs@koreintillery.com
jlibra@koreintillery.com
#39036

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

DAWIT ALEMAYEHU, as the Personal )
Representative of the Estate of )
GELILA GEDION, decedent, )
                                  )
       Petitioner, )
                                  )
v. )     Case No. _____
                                  )
THE BOEING COMPANY, )
                                  )
       Respondent. )

2010L003858
CALENDAR/ROOM X
TIME 00:00
Discovery

### VERIFIED PETITION FOR DISCOVERY
### PURSUANT TO ILLINOIS SUPREME COURT RULE 224

Petitioner, Dawit Alemayehu, as personal representative of the estate of Gelila Gedion

("Petitioner"), by and through his attorneys, Korein Tillery LLC, and for his Verified Petition for

Discovery Pursuant to Illinois Supreme Court Rule 224, states as follows:

      1.      Respondent The Boeing Company ("Respondent" or "Boeing") is a Delaware

corporation with its principal place of business and corporate headquarters located at 100 North

Riverside, Chicago, Illinois, 60606. Boeing is an aerospace company and is the world's largest

manufacturer of commercial jetliners and military aircraft combined.

      2.      Gelila Gedion was a resident of Addis Ababa, Ethiopia. On January 25, 2010,

Ms. Gedion was part of the crew onboard a Boeing 737-8AS aircraft designed and manufactured

by Respondent, registration ET-ANB, s/n 29935, operated by Ethiopian Airlines (the "Aircraft").

The Aircraft was operating on a scheduled service from Beirut Rafic Hariri International Airport

in Beirut, Lebanon, to Addis Ababa, Ethiopia, as Flight 409 ("Flight 409"). Shortly after Flight

409 took off, the Aircraft experienced a catastrophic structural failure, broke apart and caught

1

fire in midair, and plummeted and crashed into the Mediterranean Sea. Everyone onboard Flight 409 died in the crash, including Ms. Gedion, 82 passengers, and the remaining 7 crew members.

3.   Petitioner reasonably believes that he has a viable cause of action against certain persons or entities for damages arising from Ms. Gedion's death in the crash of Flight 409.

4.   Petitioner further reasonably believes that documents, records, or other information identifying those individuals or entities who owned, operated, leased, repaired, and/or maintained the Aircraft prior to and at the time of the accident may be in the possession of Respondent.

5.   Illinois Supreme Court Rule 224(a)(1)(i) provides that "a person or entity who wishes to engage in discovery for the sole purpose of ascertaining the identity of one who may be responsible in damages may file an independent action for such discovery." Ill. S. Ct. R. 224(a)(1)(i).

6.   To date, no information concerning any investigation of the crash of Flight 409 has been made available. Accordingly, the only way Petitioner can identify the individuals or entities who may be liable to Petitioner is to obtain the information requested herein from Respondent.

WHEREFORE, Petitioner prays for relief from this Court as follows:

1.   That this Court enter an Order requiring Respondent, The Boeing Company, to provide Petitioner with the following discovery:

a.   Any and all documents in Boeing's possession, custody, or control related to any and all maintenance, repair, or service work on the Aircraft,

2

including, but not limited to, any aircraft maintenance records back to the last shop visit for the Aircraft;

b.  Any and all documents in Boeing's possession, custody, or control related to or concerning Flight 409's flight data recorder data;

c.  Any and all documents in Boeing's possession, custody, or control related to or concerning Flight 409's cockpit voice recorder transcript, including, but not limited to a copy of the recording and all interphone and cockpit area mike recordings.

d.  Any and all documents in Boeing's possession, custody, or control related to or concerning Flight 409's quick access recorder data;

e.  Any and all documents in Boeing's possession, custody, or control related to or concerning any data recovered from Flight 409's nonvolatile memory sources on the Aircraft or its engines;

f.  An and all documents in Boeing's possession, custody, or control related to or concerning any witness interviews concerning the crash of Flight 409, including, but not limited to, any copies of written witness statements;

g.  Any and all documents in Boeing's possession, custody, or control related to or concerning any underwater survey of Flight 409's debris field and/or crash site;

h.  Any and all photographs and video recordings in Boeing's possession, custody, or control related to or concerning Flight 409's crash site, debris field, and/or recovered wreckage;

3

i.      Any and all witness interviews or other information related to or concerning the weather conditions at the time of the crash of Flight 409 in Boeing's possession, custody, or control;

j.      Any and all witness interviews and/or information related to or concerning any recorded radar and GPS data related to the crash of Flight 409 in Boeing's possession, custody, or control;

k.      Any and all Air Traffic Control transcripts and/or copies of any recordings related to the crash of Flight 409 in Boeing's possession, custody, or control;

l.      Any and all documents in Boeing's possession, custody, or control related to or concerning evidence of non-conformity to type design in the manufacturing of fuselage detail parts and assemblies for 737NG aircraft during the three years preceding delivery of the Aircraft to the original customer;

m.      Any and all documents in Boeing's possession, custody, or control related to or concerning reports of non-conformity to type design by suppliers of fuselage detail parts of 737NG aircraft during the three years preceding delivery of the Aircraft to the original customer;

n.      Any and all documents in Boeing's possession, custody, or control related to or concerning design and testing of the 737NG aircraft fuselage for purposes of type certification;

o.      Any and all documents in Boeing's possession, custody, or control related to or concerning the description and definition of manufacturing and

4

assembly processes and procedures used to obtain the type and production certificates for the 737NG;

p.    Any and all documents in Boeing's possession, custody, or control concerning reports for the Corrosion Prevention and Control Program (CPCP) for the 737NG fleet;

q.    Any and all documents in Boeing's possession, custody, or control concerning reports for the Special Structure Inspection Program (SSIP) for the 737NG fleet;

r.    Any and all documents in Boeing's possession, custody, or control concerning Service Difficulty Reports (SDR) for fuselage structure for the 737NG fleet;

s.    Any and all documents in Boeing's possession, custody, or control concerning manufacturing and quality records for the Aircraft;

t.    The Airworthiness Certificate, and supporting documentation, including Conformity Inspections for the aircraft at time of delivery to the original customer;

u.    Any and all additional documents, photographs, witness statements, films and investigative reports related to or concerning the Aircraft or the crash of Flight 409 in Boeing's possession, custody, or control.

2.    That this Court enter an Order requiring Respondent to preserve and maintain all documents, records, and artifacts, including computer records, pertaining to the Aircraft and Flight 409.

3.  To the extent that Respondent does not have the foregoing discovery in its possession, custody, or control, but the information sought is within the knowledge of Respondent, Petitioner requests that this Court enter an Order requiring Respondent's agent or employee with the greatest knowledge of the information appear for a deposition for the purpose of discovery.

Dated: March 30, 2010

Respectfully submitted,

**KOREIN TILLERY LLC**

By: _____
One of Petitioner's Attorneys

GEORGE A. ZELCS
JOHN A. LIBRA
KOREIN TILLERY LLC
205 North Michigan Plaza, Suite 1950
Chicago, Illinois 60601
Telephone: 312.641.9760
Facsimile: 312.641.9751
gzelcs@koreintillery.com
jlibra@koreintillery.com

6

## VERIFICATION

I hereby verify that the information in the above this Verified Petition for Discovery Pursuant to Illinois Supreme Court Rule 224 is true and correct to the best of my information and belief.

Dated: _29 - 03 . 2010_

DAWIT ALEMAYEHU, as the Personal
Representative of the Estate of
GELILA GEDION

7

**Exhibit B**

# The Seattle Times

Tuesday, January 26, 2010 - Page updated at 08:16 AM

*Permission to reprint or copy this article or photo, other than personal use, must be obtained from The Seattle Times. Call 206-464-3113 or e-mail resale@seattletimes.com with your request.*

## No survivors in Ethiopian Airlines crash

**By Borzou Daragahi**
*Los Angeles Times*

BEIRUT, Lebanon — Rescue workers found no one to save. They could only retrieve corpses of those aboard an Ethiopian Airlines flight that crashed into the sea early Monday during a fierce winter storm.

The Boeing 737-800 bound for Addis Ababa, Ethiopia's capital, was carrying eight crew members and 82 passengers when it crashed into the Mediterranean shortly after takeoff from Beirut amid hail and thunder. The U.S.-born wife of the French ambassador to Lebanon was among the passengers.

Authorities have yet to find the flight data and voice recorders, or black boxes, that could yield clues about the cause of the crash. But officials said the ferocious overnight storm that blanketed the small country's mountains with snow was likely a major factor.

"Bad weather was apparently the cause of the crash," said Defense Minister Elias Murr, according to local news outlets. "We have ruled out foul play so far."

Lebanon's airport has been a subject of controversy because of allegations that the Shiite Muslim political group maintains a security presence there to oversee the importation of weapons. No flights originating in Lebanon land in North America, largely because of security concerns.

But Lebanese and Ethiopian officials quickly discounted the possibility of terrorism or sabotage in the downing of the plane. A spokesman for the Addis Ababa government said the airline had received no prior threats.

Copyright © The Seattle Times Company

**Exhibit C**



## Ethiopian
 የኢትዮጵያ

THE NEW SPIRIT OF AFRICA

Close Window

**ET Flight 409 Incident 1** - 25 January, 2010

07:02 AM - Local Time

Ethiopian flight ET-409 scheduled to operate from Beirut to Addis Ababa on January 25th lost contact with the Lebanese air controllers shortly after take off. The flight departed at 02:35 Lebanese time from Beirut International Airport.

Flight ET-409 carries 82 passenger plus 8 Ethiopian Crew members. Out of the total passengers 24 are Ethiopian, 51 Lebanese, 1 French, 2 British, 1 Russian, 1 Canadian, 1 Syrian, 1 Iraqi nationals.

A team is already working on gathering all pertinent information. An investigative team has already been dispatched to the scene and we will release further information as further updates are received.

For more information please contact our emergency call center at:
+251 11 517 8766, +251 91 150 1248, +251 11 517 8028, +251 11 517 8054, +251 11 517 8025, +251 11 517 8030, +251 91 125 5577, +251 91 120 3412 or our toll free number +251 11 662 0062

© Copyright 2009 - Ethiopian Airlines

**Exhibit D**

Form 10-K

10-K 1 d10k.htm FORM 10-K

<u>Table of Contents</u>



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
Washington, D.C. 20549

**FORM 10-K**

(Mark One)

x    ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

For the fiscal year ended **December 31, 2009**

or

¨    TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

For the transition period from _____ to _____

Commission file number <u>1-442</u>

**THE BOEING COMPANY**

(Exact name of registrant as specified in its charter)

| | |
|---|---|
| **Delaware** | **91-0425694** |
| State or other jurisdiction of incorporation or organization | (I.R.S. Employer Identification No.) |
| **100 N. Riverside, Chicago, IL** | **60606-1596** |
| (Address of principal executive offices) | (Zip Code) |

Registrant's telephone number, including area code **(312) 544-2000**

Securities registered pursuant to Section 12(b) of the Act:

| Title of each class | Name of each exchange on which registered |
|---|---|
| Common Stock, $5 par value | New York Stock Exchange |

Securities registered pursuant to Section 12(g) of the Act: None

## CERTIFICATE OF SERVICE

I, Bates McIntyre Larson, certify that on May 21, 2010, I caused the foregoing **NOTICE OF REMOVAL** to be served via U.S. Mail, deposited in a properly addressed envelope with proper postage prepaid in the mailbox at 131 S. Dearborn Street, Chicago, IL 60603 before the hour of 5:00 p.m., on the counsel of record listed below:

*Attorneys for Petitioner*

George Zelcs
John Libra
Korein Tillery LLC
205 North Michigan Plaza, Suite 1950
Chicago, IL 60601

/s/  Bates McIntyre Larson