# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Samuel Der-Yeghiayan | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3147 | **DATE** | 8/18/2010 |
| **CASE TITLE** | Dawit Alemayehu vs. Boeing Company, The | | |

**DOCKET ENTRY TEXT**

Bruce Campbell's motion for leave to appear pro hac vice for Defendant [17] is granted. For the reasons stated below, Petitioner's motion to remand [10] is granted. The instant action is hereby remanded to the Circuit Court of Cook County (2010 L 003858), forthwith. Petitioner's request for fees and costs is denied. All pending dates and motions are hereby stricken as moot. Civil case before this Court is hereby terminated.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This matter is before the court on Petitioner's motion to remand. On January 25, 2010, a commercial airplane crashed in the Mediterranean Sea, off the coast of Beirut, Lebanon, killing the passengers and crew. According to Petitioner, the information concerning the flight is allegedly being kept strictly confidential by Lebanese authorities while the crash investigation proceeds. Petitioner filed in Illinois state court a Verified Petition for Discovery (Petition) pursuant to Illinois Supreme Court Rule 224 (Rule 224). Petitioner contends that the Petition was filed so that Petitioner could obtain information to identify the individuals or entities responsible for the crash and thereby avoid filing a frivolous lawsuit. Respondent The Boeing Company (Boeing) removed the instant action to federal court, and Petitioner now moves to remand the action back to state court.

Boeing contends that this case can be removed pursuant to 28 U.S.C. § 1441 (Section 1441). Boeing also contends that this court has original jurisdiction over this case pursuant to the Multiparty, Multiforum Trial Jurisdiction Act (MMTJA), 28 U.S.C. § 1369, which specifically provides for federal jurisdiction over certain actions involving accidents where there is a significant loss of life. 28 U.S.C. § 1369. Section 1441 and the MMTJA both refer to a "civil action." 28 U.S.C. § 1441; 28 U.S.C. § 1369. Petitioner contends that

| STATEMENT |
|---|

Rule 224 merely provides a method for pre-suit discovery in order to obtain necessary information to file a civil action. Petitioner contends that he has not yet filed a civil action, and only a civil action can be removed to federal court. Rule 224 provides the following:

> (a) Procedure.
>
> (1) *Petition.*
>
> (I) A person or entity who wishes to engage in discovery for the sole purpose of ascertaining the identity of one who may be responsible in damages may file an independent action for such discovery.
>
> (ii) The action for discovery shall be initiated by the filing of a verified petition in the circuit court of the county in which the action or proceeding might be brought or in which one or more of the persons or entities from whom discovery is sought resides. The petition shall be brought in the name of the petitioner and shall name as respondents the persons or entities from whom discovery is sought and shall set forth: (A) the reason the proposed discovery is necessary and (B) the nature of the discovery sought and shall ask for an order authorizing the petitioner to obtain such discovery. The order allowing the petition will limit discovery to the identification of responsible persons and entities and where a deposition is sought will specify the name and address of each person to be examined, if known, or, if unknown, information sufficient to identify each person and the time and place of the deposition.

134 Ill.2d R. 224. Rule 224 makes references to "an independent action for such discovery" and an "action for discovery." Despite the references to an "action" in Rule 224, it is clear by the substance of the rule that it was intended merely as a tool for a party to use to obtain information as a precursor to the filing of a civil action. We also note that Rule 224 does not include references to "parties," or "plaintiffs," or "defendants," which is also an indication that the procedure in the rule was not intended to constitute a civil action.

Boeing points out that in 28 U.S.C. § 1446(b), which explains the procedure for removal and the filing of a notice of removal, there is a reference to a "removal of a civil action or proceeding." 28 U.S.C. § 1446(b). However, it is Section 1441 that authorizes the removal of cases to federal court. 28 U.S.C. § 1441. Section 1441 provides that a "civil action" can be removed, and it does not provide that "any state proceeding" can be removed. *Id.* While the word "action" can be interchangeably used with the word "proceeding" in certain circumstances, not all "proceedings" are "civil actions." We also note that other federal courts have concluded that state pre-suit discovery proceedings are not removable proceedings. *See, e.g., Young v. Hyundai Motor Mfg. Alabama, LLC*, 575 F.Supp.2d 1251, 1254 (M.D. Ala. 2008)(finding that pre-suit discovery petition was not a removable civil action and citing similar holdings around the country);

## STATEMENT

*Sawyer v. E.I. du Pont de Nemours and Co.*, 2006 WL 1804614, at *2 (S.D. Tex. 2006)(finding that pre-suit discovery petition was not a removable civil action and citing similar holdings around the country).

Boeing contends that a remand would allow Petitioner to thwart the intention of Congress in the MMTJA to have federal courts address large scale accidents rather than allowing such actions to be resolved in state courts. However, a remand in the instant matter would merely remand the matter relating to pre-suit proceedings and there is no "action" yet to be resolved. Boeing also contends that allowing Petitioner to address discovery issues in state court will result in an inefficient administration of discovery in various state courts rather than in the federal courts. However, in the first instance, there is no "civil action" filed in state court that can be removed, and secondly, the discovery allowed under Section 224 in state court is extremely limited. 134 Ill.2d R. 224; *Gaynor v. Burlington Northern and Santa Fe Ry.*, 750 N.E.2d 307, 310 (Ill. App. Ct. 2001)(noting that in *Roth v. St. Elizabeth's Hospital,* 607 N.E.2d 1356 (1993), "the petitioner sought the production of medical records and the depositions of the respondent doctor who rendered care to the petitioner's decedent," and that "[i]n reversing the contempt citation, *Roth* concluded that Rule 224 allowed a search for identity, not responsibility"). If Petitioner files a complaint against Boeing, and Boeing properly removes the case to federal court, the normal process relating to discovery matters can proceed in federal court.

Boeing also contends that the facts included in the Petition are such that under the notice pleading standard, Petitioner has effectively filed a complaint against Boeing stating a claim for relief. However, the Petition is brought pursuant to Rule 224 and Petitioner is solely seeking discovery pursuant to Rule 224. (Pet. 1-6); (Mem. Rem. 1). There are no allegations in the Petition that show that Petitioner is seeking any damages or any other relief that would indicate that the Petition should be construed as a complaint or a civil action against Boeing. (Pet. 1-6).

We note that there is no comparable rule in the Federal Rules of Civil Procedure to Section 224 allowing for pre-suit discovery in the state court. We also note that our ruling is consistent with the general principle that federal courts are courts of limited jurisdiction and that the removal statute should be construed narrowly. *See Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)(stating that "[c]ourts should interpret the removal statute narrowly"); *Illinois v. Kerr-McGee Chemical Corp.*, 677 F.2d 571, 576 (7th Cir.

| STATEMENT |
|---|

1982)(stating that "[o]ne final principle to be considered is that the removal statute should be construed narrowly and against removal"); *Wirtz Corp. v. United Distillers & Vintners North America, Inc.*, 224 F.3d 708, 716 (7th Cir. 2000)(concurring opinion)(citing *Shamrock Oil & Gas Co. v. Sheets*, 313 U.S. 100, 108-09 (1941), for the proposition that "the removal statute should be construed strictly").

In addition, our ruling is in accord with the Seventh Circuit's ruling in *Employers Ins. of Wausau v. Bodi-Wachs Aviation Ins. Agency, Inc.*, 39 F.3d 138 (7th Cir. 1994), indicating that the filing of a Rule 224 Petition does not mean that a claim is being brought against a defendant. *Id.* at 142; *see also Community Foundation for Jewish Educ. v. Federal Ins. Co.*, 2000 WL 520924, at *6 n.3 (N.D. Ill. 2000)(noting that in *Bodi-Wachs*, "[p]reviously, [the defendant] had been named for purposes of discovery pursuant to Illinois Supreme Court Rule 224" and that "[t]he Seventh Circuit held that this was not the same as being a named defendant against whom a claim is being made"). Therefore, based on the above, we grant Petitioner's motion to remand.

Petitioner has also requested an award of fees and costs related to the removal pursuant to 28 U.S.C. § 1447(c). Although this case is being remanded, Petitioner has not shown that Boeing lacked an objectively reasonable basis for removal. *See, e.g., Lott v. Pfizer, Inc.*, 492 F.3d 789, 792 (7th Cir. 2007). Therefore, we deny the request for fees and costs.